# United States District Court
## Central District of California

| | |
|---|---|
| **UNITED STATES OF AMERICA vs.** | **Docket No.** 5:25-CR-00050-DTB |
| **Defendant** Jesus D. Barreraluna | **Social Security No.** 3  6  6  7 (Last 4 digits) |
| akas: | |

## JUDGMENT AND PROBATION/COMMITMENT ORDER

In the presence of the attorney for the government, the defendant appeared in person on this date.

| MONTH | DAY | YEAR |
|---|---|---|
| 03 | 04 | 2025 |

**COUNSEL**  Chad Pennington, DFPD
(Name of Counsel)

**PLEA**  [X] **GUILTY,** and the court being satisfied that there is a factual basis for the plea.  [ ] **NOLO CONTENDERE**  [ ] **NOT GUILTY**

**FINDING**  There being a finding/verdict of **GUILTY,** defendant has been convicted as charged of the offense(s) of: Assault on a Federal Officer, in violation of 18 USC sec. 111, as charged in Central Violations Bureau citation CC14-9166114.

**JUDGMENT AND PROB/ COMM ORDER**  The Court asked whether there was any reason why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that: Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of: **six (6) months**.

It is ordered that the defendant shall pay a processing fee of $30.00 and special assessment of $25.00, pursuant to the separate Notice of Order for Payment of Fine/Forfeiture of Collateral and/or Special Assessment or Fee; no fine is imposed.

Upon release from imprisonment, the defendant shall be placed on supervised release for one (1) year under the following terms and conditions:

1. The defendant shall comply with the rules and regulations of the United States Probation and Pretrial Services Office and Second Amended General Order 20-04.

2. The defendant shall not commit any violation of local, state, or federal law or ordinance.

3. During the period of community supervision, the defendant shall pay the special assessment and CVB Processing fee in accordance with this judgment's orders pertaining to such payment.

4. The defendant shall cooperate in the collection of a DNA sample from the defendant.

5. The defendant shall comply with the immigration rules and regulations of the United States, and if deported from this country, either voluntarily or involuntarily, not reenter the United States illegally. The defendant is not required to report to the Probation and Pretrial services Office while residing outside of the United States; however, within 72 hours of release from any custody or any reentry to the United States during the period of Court-ordered supervision, the defendant shall report for instructions to the United States Probation Office located at: 3470 Twelfth Street, Room 145, Riverside, California, 92501.

6. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from custody and at least two periodic drug tests thereafter, not to exceed eight tests per month, as directed by the Probation Officer.

7. The defendant shall participate in an outpatient substance abuse treatment and counseling program that includes urinalysis, breath or sweat patch testing, as directed by the Probation Officer. The defendant shall abstain from using alcohol and illicit

| USA vs. _____ | Docket No.: _____ |
|---|---|

drugs, and from abusing prescription medications during the period fo supervision. If determined by the Probation Officer that it's appropriate, the defendant should also participate in an inpatient program for purposes of any substance abuse problem that he's confronting. Any program shall not exceed 90 days.

8. As directed by the Probation Officer, the defendant shall pay all or part of the costs of the Court-ordered treatment to the aftercare contractors during the period of community supervision. The defendant shall provide payment and proof of payment as directed by the Probation Officer. If the defendant has no ability to pay, no payment shall be required.

Defendant shall report to the custody of the U.S. Marshal located at 3470 Twelfth street, Riverside, CA 92501-3801 by no later than noon on April 4, 2025. The bond shall be exonerated upon self-surrender.

The remaining violation notices, 9166113, 9166115, 9166116, are dismissed upon motion of the government.

The Court informs the defendant of his right to appeal.

The Court recommends that the defendant be designated to a facility close to or near Riverside County.

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed. The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

03/14/2025
Date

*/s/ David T. Bristow/*
U. S. Magistrate Judge, David T. Bristow

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

Clerk, U.S. District Court

03/14/2025
Filed Date

By  *Rebecca Camacho*
Deputy Clerk

The defendant must comply with the standard conditions that have been adopted by this court (set forth below).

**STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE**

While the defendant is on probation or supervised release pursuant to this judgment:

USA vs. _____     Docket No.: _____

1. The defendant must not commit another federal, state, or local crime;
2. The defendant must report to the probation office in the federal judicial district of residence within 72 hours of imposition of a sentence of probation or release from imprisonment, unless otherwise directed by the probation officer;
3. The defendant must report to the probation office as instructed by the court or probation officer;
4. The defendant must not knowingly leave the judicial district without first receiving the permission of the court or probation officer;
5. The defendant must answer truthfully the inquiries of the probation officer, unless legitimately asserting his or her Fifth Amendment right against self-incrimination as to new criminal conduct;
6. The defendant must reside at a location approved by the probation officer and must notify the probation officer at least 10 days before any anticipated change or within 72 hours of an unanticipated change in residence or persons living in defendant's residence;
7. The defendant must permit the probation officer to contact him or her at any time at home or elsewhere and must permit confiscation of any contraband prohibited by law or the terms of supervision and observed in plain view by the probation officer;
8. The defendant must work at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons and must notify the probation officer at least ten days before any change in employment or within 72 hours of an unanticipated change;
9. The defendant must not knowingly associate with any persons engaged in criminal activity and must not knowingly associate with any person convicted of a felony unless granted permission to do so by the probation officer. This condition will not apply to intimate family members, unless the court has completed an individualized review and has determined that the restriction is necessary for protection of the community or rehabilitation;
10. The defendant must refrain from excessive use of alcohol and must not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
11. The defendant must notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
12. For felony cases, the defendant must not possess a firearm, ammunition, destructive device, or any other dangerous weapon;
13. The defendant must not act or enter into any agreement with a law enforcement agency to act as an informant or source without the permission of the court;
14. The defendant must follow the instructions of the probation officer to implement the orders of the court, afford adequate deterrence from criminal conduct, protect the public from further crimes of the defendant; and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

USA vs. _____    Docket No.: _____

☐ The defendant must also comply with the following special conditions (set forth below).

**STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS**

The defendant must pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment under 18 U.S.C. § 3612(f)(1). Payments may be subject to penalties for default and delinquency under 18 U.S.C. § 3612(g). Interest and penalties pertaining to restitution, however, are not applicable for offenses completed before April 24, 1996. Assessments, restitution, fines, penalties, and costs must be paid by certified check or money order made payable to "Clerk, U.S. District Court." Each certified check or money order must include the case name and number. Payments must be delivered to:

United States District Court, Central District of California
Attn: Fiscal Department
255 East Temple Street, Room 1178
Los Angeles, CA 90012

or such other address as the Court may in future direct.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant must pay the balance as directed by the United States Attorney's Office. 18 U.S.C. § 3613.

The defendant must notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence address until all fines, restitution, costs, and special assessments are paid in full. 18 U.S.C. § 3612(b)(l)(F).

The defendant must notify the Court (through the Probation Office) and the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. § 3664(k). The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution under 18 U.S.C. § 3664(k). See also 18 U.S.C. § 3572(d)(3) and for probation 18 U.S.C. § 3563(a)(7).

Payments will be applied in the following order:

1. Special assessments under 18 U.S.C. § 3013;
2. Restitution, in this sequence (under 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid):
   Non-federal victims (individual and corporate),
   Providers of compensation to non-federal victims,
   The United States as victim;
3. Fine;
4. Community restitution, under 18 U.S.C. § 3663(c); and
5. Other penalties and costs.

**CONDITIONS OF PROBATION AND SUPERVISED RELEASE PERTAINING TO FINANCIAL SANCTIONS**

As directed by the Probation Officer, the defendant must provide to theProbation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant. In addition, the defendant must not apply for any loan or open any line of credit without prior approval of the Probation Officer.

When supervision begins, and at any time thereafter upon request of the Probation Officer, the defendant must produce to the Probation and Pretrial Services Office records of all bank or investments accounts to which the defendant has access, including any business or trust accounts. Thereafter, for the term of supervision, the defendant must notify and receive approval of the Probation Office in advance of opening a new account or modifying or closing an existing one, including adding or deleting signatories; changing the account number or name, address, or other identifying information affiliated with the account; or any other modification. If the Probation Office approves the new account, modification or closing, the defendant must give the Probation Officer all related account records within 10 days of opening, modifying or closing the account. The defendant must not direct or ask anyone else to open or maintain any account on the defendant's behalf.

The defendant must not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

These conditions are in addition to any other conditions imposed by this judgment.

USA vs. _____  Docket No.: _____

**RETURN**

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____

Defendant noted on appeal on _____

Defendant released on _____

Mandate issued on _____

Defendant's appeal determined on _____

Defendant delivered on _____ to _____

at _____

the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

By _____

_____          _____
Date                              Deputy Marshal

**CERTIFICATE**

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court

By _____

_____          _____
Filed Date                        Deputy Clerk

---

**FOR U.S. PROBATION OFFICE USE ONLY**

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____          _____
         Defendant                          Date

_____          _____
U. S. Probation Officer/Designated Witness   Date